UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EL POLLO LOCO, INC., a Delaware Corporation, <br> 3535 Harbor Boulevard, Suite 100 <br> Costa Mesa, CA 92626 <br><br> Plaintiff, <br> v. <br><br> POLLO LOCO INC., a Maryland Corporation <br> 18501 Maugans Ave., Suite 102 <br> Washington County <br> Hagerstown, MD 21742 <br><br> Defendant. | § § § § § § § § § § § § § § § | Civil Action No. <br><br> JURY DEMANDED |

# COMPLAINT

Plaintiff EL POLLO LOCO, INC. (hereinafter "EPL"), by and through its undersigned Counsel, hereby files its Complaint against Defendant POLLO LOCO INC. (hereinafter "Defendant") alleging trademark and service mark infringement, unfair competition, and unfair or deceptive trade practice. EPL seeks injunctive relief. In support of its Complaint, EPL alleges as follows:

### Parties

1. EPL is a Delaware corporation with its principal place of business in Costa Mesa, California.

2. Defendant is a corporation organized and existing under the laws of Maryland, with its principal place of business at 18501 Maugans Ave., Suite 102, Hagerstown, MD 21742. Defendant was incorporated on July 26, 2014.

**Jurisdiction and Venue**

3. This Court may exercise jurisdiction over Defendant because it regularly transacts business in Maryland, and the causes of action alleged herein arose in whole or in part in Maryland.

4. This Court has Subject Matter Jurisdiction over the claims alleged herein pursuant to Title 28 U.S.C. §§ 1331, 1338, and 1367. This Complaint alleges claims under §§ 32 and 43 of The Lanham Act. This Complaint also alleges Pendent State Law Claims under Maryland Law that are so related to the Federal-Question Claims under The Lanham Act that they form part of the same case and controversy under Article III of the United States Constitution, thereby making the exercise of Supplemental Jurisdiction under Title 28 U.S.C. § 1367 appropriate.

5. Venue is properly laid in this District pursuant to Title 28 U.S.C. § 1391(b) on the grounds that Defendant is incorporated under the law of Maryland, has its principal place of business in Maryland, and the actions alleged herein occurred, in whole or in part, within this District.

**General Allegations**

6. EPL specializes in providing superior quality restaurant services and related goods under the U.S. Registered Mark EL POLLO LOCO. EPL has been operating and franchising restaurants for over 25 years in the United States and currently has active operations in California, Nevada, Arizona, Texas, and Utah.

7. EPL owns all right, title, and interest in and to the following Federally Registered trademarks and service marks (hereinafter referred to collectively as the "Registered Marks"):

a.      Registration Number 1,237,518 for the word mark EL POLLO LOCO in Classes 29 (prepared chicken with or without a batter coating for consumption on or off the premises) and 42 (restaurant services);

b.      Registration Number 1,237,519 for the word mark THE CRAZY CHICKEN in Classes 29 (prepared chicken with or without a batter coating for consumption on or off the premises) and 42 (restaurant services);

c.      Registration Number 1,409,639 for a composite mark consisting of the text EL POLLO LOCO placed inside a shape of a restaurant exterior design in Classes 29 (prepared chicken), 35 (rendering technical aid and assistance in the establishment and operation of restaurants) and 42 (restaurant services);

d.      Registration Number 2,934,591 for a composite mark consisting of the text EL POLLO LOCO placed inside a shape of a restaurant exterior design in Classes 29 (prepared citrus-marinated, flame-grilled chicken, and 43 (restaurant services by a restaurant chain known for its service of citrus-marinated, flame-grilled chicken and other Mexican dishes);

e.      Registration Number 1,498,099 for the word mark THE ORIGINAL MEXICAN CHAR-BROILED CHICKEN in Class 42 (restaurant services);

f.      Registration Number 2,822,859 for the word mark GIVE IN TO THE POLLO in Class 43 (restaurant services);

g.      Registration Number 3,262,640 for the word mark EL POLLO LOCO FLAME-GRILLED MEXICAN CHICKEN in Classes 29 (prepared entrees consisting primarily of marinated chicken), Class 30 (prepared entrees consisting of rice and beans), and Class 43 (restaurant services);

   h. Registration Number 3,331,273 for a composite mark consisting of the text EL POLLO LOCO FLAME-GRILLED MEXICAN CHICKEN with a chicken head and flames design in Classes 29 (prepared entrees consisting primarily of marinated chicken), Class 30 (prepared entrees consisting of rice and beans), and Class 43 (restaurant services);

   i. Registration Number 3,262,641 for a composite mark consisting of the text EL POLLO LOCO with a chicken head and flames design in Classes 29 (prepared entrees consisting primarily of marinated chicken), Class 30 (prepared entrees consisting of rice and beans), and Class 43 (restaurant services);

   j. Registration Number 3,288,881 for the word mark EL POLLO LOCO FLAME-GRILLED MEXICAN CHICKEN in Class 35 (franchise services, namely, offering technical and business management assistance in the establishment and operation of restaurants);

   k. Registration Number 3,320,540 for a composite mark consisting of the text EL POLLO LOCO FLAME-GRILLED MEXICAN CHICKEN with a chicken head and flames design in Class 35 (franchise services, namely, offering technical and business management assistance in the establishment and operation of restaurants); and

   l. Registration Number 3,162,229 for the word mark EL POLLO LOCO in Class 35 (franchising and business consulting services relating to the establishment and/or operation of restaurants).

 8. EPL's twelve (12) Federal Service mark and Trademark Registrations relating to these services and products are attached hereto respectively as Exhibits "A" through "L."

 9. EPL has used, and continues to use, the Registered Marks in interstate commerce in connection with the operation and franchising of restaurants in the United States, including currently active restaurants in California, Nevada, Arizona, Texas, and Utah.

10. EPL has invested millions of dollars in advertising the Registered Marks in the United States in an effort to create a strong association between EPL's goods and services, goodwill, and the Registered Marks.

11. Restaurant consumers in the United States associate the Registered Marks with EPL.

12. The Registered Marks are strong arbitrary marks that warrant broad protection in both related and un-related product and/or service classes.

13. The Registered Marks are widely recognized by the general consuming public of the United States as a designation of source of EPL's goods and services.

14. Defendant operates a restaurant under the name "Pollo Loco" located at 18501 Maugans Ave., Suite 102, Hagerstown, MD 21742 (the "Restaurant").

15. Upon information and belief, the Restaurant serves consumers in Washington County, Maryland.

16. Defendant has used, and continues to use, the mark "Pollo Loco" ("Infringing Mark") in operating and promoting the Restaurant, including on its signs, menus, website and other advertisements. A true and accurate reproduction of the Infringing Mark on the Restaurant and website is attached hereto as Exhibit "M."

17. EPL has more than 400 EL POLLO LOCO restaurants in the United States.

18. The Infringing Mark constitutes a colorable imitation of EPL's Registered Marks.

19. EPL did not authorize, and would never authorize, Defendant to use the Infringing Mark or any other colorable imitations of the Registered Marks.

20. EPL has asked Defendant to cease and desist from all present and future uses of any Infringing Mark or any colorable imitation of the Registered Marks. Defendant has refused.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## TITLE 15 U.S.C. § 1114

21. EPL repeats and incorporates herein by reference each and every allegation set forth in Paragraphs 1 - 20.

22. EPL exclusively owns the Registered Marks.

23. EPL has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant goods and services.

24. Defendant has used a colorable imitation of the Registered Marks in commerce in connection with the operation and promotion of the Restaurant in Maryland.

25. Defendant's unauthorized use of a colorable imitation of the Registered Marks has caused, and will likely cause, confusion, mistake, or deception in the relevant consumer market.

26. Defendant's unauthorized use of a colorable imitation of the Registered Marks constitutes Trademark Infringement in violation of Title 15 U.S.C. §§ 1114 and 1117.

27. Defendant acted in bad faith and/or willfully in adopting a colorable imitation of the Registered Marks in connection with the operations and promotion of the Restaurant in an effort to reap the benefits of the goodwill associated with EPL Registered Marks.

28. EPL is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendant pursuant to 15 U.S.C. § 1116, subsection (a) and (d)(1)(A). Defendant's infringing acts have caused, and will continue to cause, EPL to suffer irreparable injuries to its reputation and good will. EPL does not have an adequate remedy at law to recover for this harm and accordingly, EPL is entitled to injunctive relief.

## COUNT II – FEDERAL UNFAIR COMPETITION
## TITLE 15 U.S.C. § 1125

29. EPL repeats and incorporates herein by reference each and every allegation set forth in Paragraphs 1 - 28.

30. Upon information and belief, EPL's unauthorized use of a colorable imitation of the Registered Marks constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection, or association of Defendant with EPL;

    b. the origin, sponsorship, or approval by EPL of Defendant and/or the Restaurant; and/or

    c. the nature, characteristics, or qualities of Defendant's goods and services.

31. The aforesaid acts constitute Federal Unfair Competition in violation of Title 15 U.S.C. § 1125(a) and is likely to continue unless restrained and enjoined.

32. EPL has no adequate remedy at law for Defendant's wrongful conduct and EPL is entitled to injunctive relief and to an order compelling the impounding of all imitation marks being used, advertised, marketed, installed, offered or distributed by Defendant.

## COUNT III – TRADEMARK INFRINGEMENT (MARYLAND LAW)

33. EPL repeats and incorporates herein by reference each and every allegation set forth in Paragraphs 1 – 32, above.

34. EPL owns all rights, title and interest in and to the Registered Marks, including all common law rights in such marks in the State of Maryland and throughout the United States.

35. Defendant, without authorization from EPL, has used and is continuing to use spurious designations that are confusingly similar to the EPL's Registered Marks.

36. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception as to whether Defendant's Restaurant, goods and services originate from, or are affiliated with, sponsored by, or endorsed by EPL.

37. Upon information and belief, Defendant has acted with knowledge of EPL's ownership of the Registered Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

38. Defendant's acts constitute trademark infringement in violation of the common law of the State of Maryland.

39. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

40. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained and enjoined by the Court.

41. Defendant's acts have caused, and will continue to cause, EPL to suffer irreparable injuries to its reputation and goodwill.  EPL does not have an adequate remedy at law to recover for this harm, and therefore, EPL is entitled to injunctive relief.

## COUNT IV – UNFAIR COMPETITION (MARYLAND LAW)

42. EPL repeats and incorporates herein by reference each and every allegation set forth in Paragraphs 1 – 41, above.

43. The foregoing acts of Defendant permit Defendant to use and benefit from the goodwill and reputation earned by EPL and to obtain a ready customer acceptance of Defendant's goods and services, and constitutes unfair competition in violation of Maryland common law, for which EPL is entitled to recovery and all remedies provided by such common law.

44. Upon information and belief, Defendant has and will continue to make substantial profits and gains to which it is not in law or equity entitled.

45. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained and enjoined by this Court.

46. Defendant's acts have directly and proximately caused, and will continue to cause, EPL to suffer irreparable injuries to its reputation and goodwill. EPL does not have an adequate remedy at law to recover for this harm, and therefore, EPL is entitled to injunctive relief.

### COUNT V – UNFAIR OR DECEPTIVE TRADE PRACTICE
### MD. COMM. LAW § 13-301

47. EPL repeats and incorporates herein by reference each and every allegation set forth in Paragraphs 1 – 46, above.

48. The EPL Registered Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

49. Through prominent, long, and continuous use in commerce, the EPL Registered Marks have become and continue to be famous and distinctive.

50. Defendant's acts include a false or misleading visual description or other representation which has the capacity, tendency, or effect of misleading or deceiving consumers, including those in this District.

51. Upon information and belief, Defendant's acts were done knowingly and in bad faith and/or willfully.

52. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

53. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained and enjoined by this Court.

54. Defendant's acts therefore constitute unfair or deceptive trade practice in violation of Maryland Code, Commercial Law, Section 13-301.

55. Defendant's infringing acts have caused, and will continue to cause, EPL to suffer irreparable injuries to its reputation and goodwill, for which EPL has no adequate remedy at law. EPL is therefore entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, EPL respectfully requests that this Court enter judgment against Defendant as follows:

A. Finding that (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendant has committed unfair or deceptive trade practices in violation of Maryland Code, Commercial Law, Section 13-301; and (iii) Defendant has engaged in trademark infringement and unfair competition under the common law of Maryland;

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and Section 13-301 of the Maryland Code, Commercial Law, preliminarily and permanently restraining and enjoining Defendant, its agents, representative, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendant from:

1. using any simulation, imitation, reproduction, counterfeit, copy or colorable imitation of EPL's Registered Marks including, but not limited to, in connection with the advertising, marketing, promoting or the Restaurant and/or offering for sale or selling any

goods or services utilizing any colorable imitation of EPL's Registered Marks or engaging in any other activity constituting an infringement of any of EPL's rights in the ELP Registered Marks;

   2. engaging in any other activity constituting unfair competition with EPL, or acts and practices that deceive consumers, the public, and/or trade that the Restaurant is licensed, sponsored, approved, or authorized by EPL, which such is not true in fact; and

   3. engaging in any other activity that will cause the distinctiveness of the EPL Registered Marks to be diluted; and

  C. Granting such other and further relief as is just and proper.

Dated:  January 15, 2016       Respectfully submitted,

              */s/* Alanna Clair  /s/
              Alanna Clair
              DENTONS US  LLP
              1900 K Street NW
              Washington, DC 20006
              Telephone: (202) 496-7668
              Facsimile: (202) 496-7756
              Email: alanna.clair@dentons.com

              *Attorney for Plaintiff El Pollo Loco, Inc.*